UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:

RONNIE JACKIE GREEN and
AMIE ADAMS GREEN,

    Debtors.                                              No. 7-05-16399 TR

LINDA BLOOM, Trustee,

    Plaintiff,

v.                                                                            Adv. No. 11-1023 T

THE BEHLES LAW FIRM, P.C.,
RON MILLER & ASSOCIATES, and
THE UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

    Defendants.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This adversary proceeding addresses a narrow issue of New Mexico secured transaction law: in the case of an individual debtor, must a secured party use the debtor's legal name on a financing statement to avoid the risk that the financing statement is "seriously misleading" and therefore ineffective? After reviewing the applicable law and commentary, including a 2004 decision of the 10th Circuit Bankruptcy Appellate Panel construing identical Kansas law, the Court answers the question in the affirmative.

The Trustee filed her Complaint to Determine the Validity, Extent, and Priority of Liens Against Property of the Estate on February 2, 2011 (the "Complaint"), seeking to determine lien validity and priority on the estate's interest in a partnership known as the L-7 partnership (the

"L-7 Partnership Interest"). Complaint, pp. 2-3. In her Motion for Partial Summary Judgment Against Defendant the Behles Law Firm, filed September 16, 2011, doc. 9 (the "Motion"), the Trustee asks for judgment that the Behles Law Firm's ("Defendant's") claimed security interest in the L-7 Partnership Interest[1] is unperfected. Defendant[2] responded on October 11, 2011, doc. 11, and supplemented on July 2, 2012, doc. 37 (together, the "Response").

This is a core matter. The Court has considered the briefs and supporting papers of the parties, and has made an independent inquiry into applicable case law. Being sufficiently advised, the Court issues the following Memorandum Opinion. For the reasons set forth below, the Motion is granted.

I. FACTS

The Court finds that the following facts are not in material dispute:

1. The debtors filed the above-captioned bankruptcy case as a Chapter 11 case on August 9, 2005.

2. The case was converted to a chapter 7 case, and the Plaintiff appointed the Chapter 7 trustee, on September 19, 2007.

---

[1] The Motion is inconsistent about the property at issue. The Complaint describes the property as the L-7 Partnership Interest, while the Motion refers to Debtor's "interest in contract rights arising out of the L-7 Partnership." Motion, p. 3. The Court will assume that the L-7 Partnership Interest is at issue.

[2] The Response was filed by both Defendant and Ron Miller & Associates, P.C. ("Miller"). Since the Motion is only directed toward Defendant, the Court will only deal with any security interests claimed by Defendant, not Miller.

3. For the purposes of the Motion, the Trustee apparently admits that the debtor Ronnie J. Green "(Green")[3] granted Defendant a security interest in the L-7 Partnership Interest, on or about November 19, 2001. Motion, ¶ 6.[4]

4. Defendant filed financing statements with the New Mexico Secretary of State, attempting to perfect its alleged security interest in, inter alia, Green's "general intangibles" on December 5, 2001, January 15, 2002, March 21, 2002, May 3, 2002 (relating only to "contract rights"), and June 3, 2002 (the secured party is identified as Jennie Behles).[5]

5. In the financing statements, the Defendant used "Ron Green" as Green's name.

6. Green's legal name is Ronnie Jackie Green.

7. Green often went by the name Ron Green or Ron J. Green.

8. Defendant was able to establish through discovery, taken after the Motion was filed, that the name "Ron Green," rather than "Ronnie J. Green," appears on Green's New Mexico driver's license.

---

[3] Per N.M.S.A. §40-3-14(B), it appears Green had the right to encumber the L-7 Partnership Interest without his wife's consent.

[4] This may be a generous concession. The only document in the record that allegedly grants Defendant a security interest in the L-7 Partnership Interest is a financing statement attached to the Motion as Exhibit 4, which describes collateral that includes "general intangibles." The financing statement may not constitute a valid security agreement. *See e.g. In re Wes Dor, Inc.*, 996 F.2d 237, 239 (10th Cir. 1993) ("In the absence of a valid security agreement, a financing statement does not create an enforceable security interest."); *In re Flores de New Mexico, Inc.*, 151 B.R. 571, 586 (Bankr. D.N.M. 1993). *Compare Gibson Co. Farm Bureau Coop. Assn., Inc. v. Greer*, 643 N.E.2d 313 (Ind. 1994) (if financing statement is signed, issue whether financing statement can constitute a security agreement is a fact issue for the trial court). *See generally* 4 White, Summers & Hillman, Uniform Commercial Code § 31-3 (6th ed.) (most courts hold that a financing statement by itself does not constitute a security agreement). Given the Court's ruling on perfection, this issue need not be decided. Also, the Court will assume for the purpose of this opinion that the L-7 Partnership Interest is a general intangible. This issue was not addressed by the parties, but need not be decided.

[5] Defendant points out that the name of the secured party in the financing statements at issue is "J.D. Behles & Associates, A Commercial Law Firm, P.C.," not Defendant. Affidavit of Jennie Deden Behles, doc. 12, filed October 11, 2011, ¶7. Since that entity is "a defunct corporation," *Id.*, and is closely related to Defendant and its attorney/principal, the Court finds that the real parties in interest are before the Court.

-3-

9. A search of the New Mexico Secretary of State's Uniform Commercial Code filing index, using the standard search logic and Green's legal name, does not reveal Defendant's financing statements.

## II. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. B.A.P. 1997).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). *See also Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1539 (10th Cir.1993) ("the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of

proof."); *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980) (once a properly supported summary judgment motion is made, the opposing party must respond with specific facts showing the existence of a genuine factual issue to be tried); *Lazaron v. Lucas (In re Lucas)*, 386 B.R. 332, 335 (Bankr. D.N.M. 2008) (same).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus,* 11 F.3d at 1539. Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party. *See Anderson,* 477 U.S. at 251; *Vitkus,* 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson,* 477 U.S. at 249. Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

### III. DISCUSSION

Perfection of security interests is a matter of state law. In this case there is no dispute that New Mexico law applies. New Mexico's Uniform Commercial Code was updated, effective July 1, 2001, to include revised Article 9. N.M.S.A. § 55-9-707. Section 9-502(a) of New Mexico's revised Article 9 requires a financing statement to provide "the name of the debtor[.]" A financing statement that "fails sufficiently to provide the name of the debtor" is "seriously

misleading" and therefore insufficient and ineffective. N.M.S.A. §§ 55-9-502(a) and 55-9-506(b).

N.M.S.A. § 55-9-503 sets forth the rules to determine whether a debtor's name is sufficient for filing purposes. It does not give much information about what constitutes a sufficient individual debtor name: "A financing statement sufficiently provides the name of the debtor . . . if the debtor has a name, only if it provides the individual . . . name of the debtor." N.M.S.A. § 55-9-503(a)(4)(A). The official comment to this section is more helpful:

> Together with subsections (b) and (c), subsection (a) reflects the view prevailing under former Article 9 that the actual individual or organizational name of the debtor on a financing statement is both necessary and sufficient . . . ."

Official Comment 2, paragraph 3.[6]

New Mexico courts have not construed the sections cited above, nor ruled on what constitutes a sufficient name of an individual debtor for Article 9 perfection purposes.

The 10th Circuit Bankruptcy Appellate Panel addressed the issue under Kansas law in *In re Kinderknecht*, 308 B.R. 71 (10th Cir. B.A.P. 2004). The relevant provisions of Article 9 are identical in Kansas and New Mexico law. In *Kinderknecht*, the B.A.P reviewed the law, the official comment cited above, and other sources and concluded that the proper rule was to require use of the debtor's legal name. *Id.* at 73-77. The discussion in *Kinderknecht* is thorough and thoughtful. The decision has been followed in the 10th Circuit and elsewhere. *See, e.g. In re Jones*, 2006 WL 3590097 (Bankr. D. Kan. 2006); *In re Berry*, 2006 WL 2795507 (Bankr. D.

---

[6] New Mexico recognizes that official comments to the Uniform Commercial Code are persuasive authority, although not binding. *See In re Anthony,* 114 N.M. 95, 98, 835 P.2d 811, 814 (S. Ct. 1992), citing *First State Bank at Gallup v. Clark*, 91 N.M. 117, 119, 570 P.2d 1144, 1146 (S. Ct. 1977); *Credit Institute v. Veterinary Nutrition Corp.*, 2003-NMCA 010, ¶34, 133 N.M. 248, 255, 62 P.3d 339, 346 (2002), citing *White Forest Prods., Inc. v. First Nat'l Bank*, 2002-NMCA-079, ¶ 11, 132 N.M. 453, 50 P.3d 202 (2002).

Case 11-01023-t   Doc 47   Filed 11/14/12   Entered 11/14/12 15:40:51 Page 6 of 9

Kan. 2006); *In re Borden*, 2007 WL 2407032 (D. Neb. 2007); *In re Larsen*, 2010 WL 909138 (Bankr. S.D. Iowa 2010); *In re Fuell*, 2007 WL 4404643 (Bankr. D. Id. 2007); *Pankratz Implement Co. v. Citizens Nat. Bank*, 281 Kan. 209, 130 P.3d 57 (2006). *Kinderknecht* represents the majority view on this issue.

The minority view is represented by *People's Bank v. Bryan Brothers Cattle Co.*, 504 F.3d 549 (5th Cir. 2007), which held that use of a debtor's nickname can sometimes be sufficient (in that case the debtor's legal name was Brooks L. Dickerson and his nickname was "Louie Dickerson"). *See also In re Miller*, 2012 WL 3589426 (C.D. Ill. 2012) (adopting the rule that a name on a debtor's driver's license or social security card is sufficient, even if it not the legal name of the debtor).[7]

There currently are draft revisions to Article 9 that address this issue. *See* 10 DePaul Bus. & Com. L.J. 461, 462-71, *Symposium: Recent Developments in UCC Article 9* (Summer 2012); *Amendments to Uniform Commercial Code Article 9*, National Conference of Commissioners on Uniform State Laws, the American Law Institute, Revised Article 9 Secured Transactions (2010 Official Text with Comments) (the "Draft 2010 Amendments"). To date, the amendments have not been adopted in New Mexico. One alternative in the draft 2010 amendments is that the name on an individual debtor's driver's license would be the name to use on a financing statement, whether or not the debtor's legal name. Draft 2010 Amendments, p. 72.

---

[7] One factor that the *Miller* court considered important was that in Illinois, during the time at issue, an individual could change his or her name "without resort to any legal proceedings, and for all purposes the name thus assumed will constitute his legal name as much as if he had borne it from birth." 2012 WL 3589426, *7, quoting *Reinken v. Reinken*, 184 N.E. 639, 640 (Ill. 1933). In New Mexico, an individual can only change his or her name by obtaining a court order after giving public notice. N.M.S.A. § 40-8-1 et seq.

Case 11-01023-t    Doc 47    Filed 11/14/12    Entered 11/14/12 15:40:51 Page 7 of 9

The Court acknowledges the arguments of Defendant in favor of the minority view and the "driver's license" rule, and they are serious and legitimate arguments. Defendant's position is stronger than the position of the creditor in *Kinderknecht*, furthermore, because here Green's driver's license uses the name "Ron Green," not Ronnie J. Green. Under the *Miller* rule and one version of the proposed 2010 amendments to Article 9, Defendant would have used the correct name.

Nevertheless, unless or until New Mexico law is changed to adopt the "driver's license" rule or something similar, the Court believes the *Kinderknecht* decision was correct, and that the legislative intent behind N.M.S.A. § 55-9-502 and § 55-9-503, as shown by Official Comment 2, was to require creditors to use an individual debtor's legal name. Defendant was on notice when it filed its financing statements that use of Green's legal name was required.[8]

It should be noted that, even if a secured party uses an individual debtor's nickname rather than legal name, the financing statement would nevertheless not be "seriously misleading" if a search using the legal name would reveal the financing statement. N.M.S.A. § 55-9-506(c). Here, it is undisputed that a search of the New Mexico Secretary of State filing system, using Green's legal name and standard search logic, does not reveal Defendant's financing statements.

Based on *Kinderknecht* and the current version of New Mexico's Uniform Commercial Code, Defendant's financing statement is seriously misleading, and therefore ineffective. Under well-established case law, the Trustee is entitled to summary judgment that Defendant's security

---

[8] There is no evidence in the record of any attempt Defendant made to determine Green's legal name. It appears that Green's bankruptcy counsel ascertained Green's legal name in 2005. The fact that the name Green gave to the Defendant, "Ron," was a nickname should have prompted the Defendant to make inquiry into Green's legal name.

interest in the Property, if it exists, is unperfected. *See In re Harper*, 516 F.3d 1180, 1182 (10th Cir. 2008); *In re Hicks*, 491 F.3d 1136, 1140 (10th Cir. 2007).

IV. CONCLUSION

The Motion will be granted. This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law under Fed.R.Bankr.P. 7052. An appropriate judgment will be entered.

Hon. David T. Thuma,
United States Bankruptcy Judge

Entered on the docket: November 14, 2012.

Copies to:

Linda Bloom
P.O. Box 218
Albuquerque, NM 87103

Jennie Behles
P.O. Box 7070
Albuquerque, NM 87194

Manuel Lucero
P.O. Box 607
Albuquerque, NM 87103